ROBERTO A. TERCERO, Cal. Bar No. 143760
terceror@sec.gov

Attorney for Plaintiff
Securities and Exchange Commission
Randall R. Lee, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CMG-CAPITAL MANAGEMENT GROUP HOLDING COMPANY, LLC and KEITH G. GILABERT,<br><br>Defendants | Case No.: CV 06-2595 GHK (JWJx)<br><br>[PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS CMG-CAPITAL MANAGEMENT HOLDING COMPANY, LLC AND KEITH G. GILABERT |

**NOTE CHANGES MADE BY THE COURT.**

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

The motion of Plaintiff, Securities and Exchange Commission ("Commission"), pursuant to Rule 55 of the Federal Rules of Civil Procedure and Local Rules 55-1 and 55-2, for judgment by default against Defendants CMG-Capital Management Group Holding Company, LLC ("CMG") and Keith G. Gilabert ("Gilabert," and collectively "Defendants") came before this Court for hearing on December 4, 2006. The Court, having considered the Commission's motion, the memoranda of points of authorities, the declarations including exhibits relating thereto, and other documents filed in support of the application, and all other evidence and argument presented regarding the motion, finds that:

I.

IT IS ORDERED that the Commission's motion for judgment by default against Defendants CMG and Gilabert is hereby GRANTED.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

--

  (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

  (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or

communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)  Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) & 80b-6(2)] by use of the mails or means or instrumentalities of interstate commerce, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b)  to engage in transactions, practices, or courses of business which operated as a fraud or deceit upon clients or prospective clients.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Gilabert, and his ~~officers~~ agents, servants, employees, attorneys, ~~subsidiaries~~ and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker and/or dealer pursuant to Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), in violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that *the Commission shall have judgment against* Defendants ~~are liable~~ jointly and severally for disgorgement of $9,293,052.09, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $272,868.44, for a total of $9,565,920.53. ~~The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten (10) days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, Defendants may assert any legally permissible defense. Payments under this paragraph shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying CMG or Gilabert as a defendant in this action, setting forth the title and civil action number of this action-~~

-4-

1 ~~and the name of this Court; and specifying that payment is made pursuant to this~~
2 ~~Final Judgment. A copy of the letter and payment shall also be delivered or mailed~~ The Commission shall be entitled to
3 ~~to counsel for the Commission in this action.~~ ~~Defendants shall pay~~ post-judgment
4 interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. ~~The~~
5 ~~Commission shall remit the funds paid pursuant to this paragraph to the United~~
6 ~~States Treasury.~~

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Gilabert shall pay a civil penalty in the amount of $120,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 20(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. ~~Defendant Gilabert shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Gilabert as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of the letter and payment shall also be delivered or mailed to counsel for the Commission in this action.~~ The Commission shall be entitled to ~~Defendant Gilabert shall pay~~ post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. ~~The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.~~

25 --
26 --
27 --
28 --

-5-

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 12/5/06

The Honorable George H. King
United States District Judge

Presented by:

Roberto A. Tercero
Attorney for Plaintiff
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is United States Securities and Exchange Commission, Pacific Regional Office, 11th Floor, 5670 Wilshire Boulevard, Los Angeles, California 90036-3648, Fax: (323) 965-3908.

On October 27, 2006, the foregoing document entitled [PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS CMG-CAPITAL MANAGEMENT HOLDING COMPANY, LLC AND KEITH G. GILABERT was served on all parties to this action addressed as stated on the attached service list:

[X] **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ] **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ] **PERSONAL SERVICE:** I personally delivered each such envelope by hand to the office of the addressee.

[ ] **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[ ] **FAX (BY AGREEMENT ONLY):** By transmitting the document by facsimile transmission at the time shown on the attached transmission report. The transmission was reported as complete and without error, and the attached transmission report was properly issued by the transmitting fax machine.

[ ] **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X] **(Federal)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Date: October 27, 2006

_Magnolia M. Marcelo_
Magnolia Marcelo

| | |
|---|---|
| 1 | SEC v. CMG-CAPITAL MANAGEMENT GROUP HOLDING COMPANY, LLC |
| 2 | CASE NO. CV 06-2595-GHK (JWJx) |
| 3 | SERVICE LIST |

<br>

CMG-Capital Management Group Holding Company, LLC     *Pro Se*
26166 Lone Rock Court
Valencia, California 91381
Attention: Keith G. Gilabert

Keith Gary Gilabert – Register Number 43642-112     *Pro Se*
MDC Los Angeles
Metropolitan Detention Center
P.O. Box 1500
Los Angeles, California 90053
Attn: CMG-Capital Management Group Holding Company, LLC
Facsimile: 213-253-9505

Keith G. Gilabert     *Pro Se*
26166 Lone Rock Court
Valencia, California 91381

Keith Gary Gilabert – Register Number 43642-112     *Pro Se*
MDC Los Angeles
Metropolitan Detention Center
P.O. Box 1500
Los Angeles, California 90053
Facsimile: 213-253-9505